M.D. Appeal Dkt.
12 MAP 2019

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| SEDA-COG JOINT RAIL AUTHORITY, | : | No. 493 MAL 2018 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| CARLOAD EXPRESS, INC., | : | |
| SUSQUEHANNA UNION RAILROAD | : | |
| COMPANY, AND NORTHERN PLAINS | : | |
| RAILROAD, INC., | : | |
| | : | |
| Respondents | : | |

**ORDER**

**PER CURIAM**

**AND NOW**, this 23rd day of January, 2019, the Petition for Allowance of Appeal is

**GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all

remaining issues. The issues, as stated by petitioner, are:

(1)     Did the Panel err by disregarding the plain language of the Municipality Authorities Act ("MAA"), 53 Pa.C.S. § 5610(e) which expressly requires a vote by the majority of "members present" for an authority to take action, instead applying a common law quorum rule that has never applied to MAA authorities or to discretionary contracting processes, effectively superimposing the words "and voting" into the statute?

(2)     Did the Panel err by ignoring this Supreme Court's elimination of any presumption in favor of the common law voting rule for representative bodies of limited membership as well as operative provisions of the Statutory Construction Act ("SCA"), on the basis that the MAA was a pre-1937 enactment, where no applicable jurisprudence supports applying the common law rule to MAA authorities or discretionary procurement processes?

(3)     Did the Panel apply an incorrect standard of review and improperly subvert the discretion of [the] JRA and its individual public official board members by superimposing a different voting standard than that chosen by [the] JRA for its discretionary procurement process, which tracks the language of 53 Pa.C.S. § 5610(e)[,] and by ignoring the affirmative provisions of the RFP and the voting standard announcement?